IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    22-CR-151

MICHAEL FRATINI,

                            Defendant.

## PLEA AGREEMENT

The defendant, MICHAEL FRATINI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and plead guilty to a one count Superseding Information charging a violation of Title 18, United States Code, Section 2252A(a)(2)(A) [attempted receipt of child pornography], for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant understands that the Court must impose an assessment of not more than $35,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(2), in addition to any other criminal penalty, restitution, or special assessment.

4.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

5.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current

-2-

in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

6.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   the defendant knowingly attempted to receive a visual depiction;

b.   the visual depiction would have been shipped or transported using any means or facility of interstate or foreign commerce, or that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

c.   the visual depiction would have contained child pornography, as defined in Title 18, United States Code, Section 2256(8); and

d.   the defendant knew that the visual depiction would have contained child pornography.

-3-

## FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.     From in or about February 2022, to on or about March 18, 2022, the defendant, while residing in the Western District of New York, knowingly attempted to receive images of child pornography via text messaging.

b.     In February 2022, the defendant communicated via text message with an adult female ("Female") who the defendant had previously had sexual relations with, and asked the Female to provide sexually explicit images of her minor child who was less than 12 years of age. Specifically, he sent Female the following texts about the minor child: "Can I get vids and pics to fulfill my fantasy? Like how you said.. I can watch my porn while we play. But I don't have any of that porn.. I've never seen it. Could a mom help me in that way or am I about to be judged ? I Just want butts.. bath time.. shower. Sleeping.. anything ? I'm sorry but I have to try. Please forgive me. It would only stay between us. Pleeeaaaseeeee. I feel bad for asking such a thing."

c.     In response, Female made a report to the Erie County Sheriff's Office ("ECSO"), and then Female began cooperating with the ECSO and continued to communicate with the defendant. During their continued communications, when the defendant was asked about what photographs he would like, the defendant texted: "Yes Mmmm spread there ass for me.. i want to see little tight hole and pussy from behind Omg that would be hot". During their continued communications, Female and the defendant discussed meeting at a hotel in Amherst, New York on March 18, 2022. On March 18, 2022, the defendant arrived at the hotel in his vehicle and was encountered by federal law enforcement officers.

d.     The defendant agrees that the communications referenced above constitute attempted receipt of child pornography and that the images he attempted to receive would have depicted minors engaging in sexually explicit conduct.

e.     During the investigation, two cellular telephones belonging to the defendant were seized, both of which were found to contain child pornography.

### III.   SENTENCING GUIDELINES

8.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.      The government and the defendant agree that, pursuant to Guidelines § 2G2.2(c)(1), the offense of conviction involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and therefore, Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.     The government and the defendant agree that the following specific offense characteristics apply:

    a.      the 4 level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years]; and

    b.      the 2 level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) & (ii) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct, and involved use of a computer to solicit participation with a minor in sexually explicit conduct].

### ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38.

## ACCEPTANCE OF RESPONSIBILITY

12.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 35.

## CRIMINAL HISTORY CATEGORY

13.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14.     It is the understanding of the government and the defendant that, with a total offense level of 35 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **168 to 210** months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life.  Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

-6-

15.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range as limited by the statutory minimum and maximum terms of imprisonment. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

16.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

17.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

IV.     **STATUTE OF LIMITATIONS**

18.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   REMOVAL

19.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

20.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action pending against the defendant.

22.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   RESTITUTION AND FINANCIAL PENALTY PROVISIONS

23.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim's or victims' compensable losses, but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

24.    Pursuant to Title 18, United States Code, Section 3663(a)(3), Title 18, United States Code, Sections 3663A(a) & (b), Title 18, United States Code, Section 3664, and Title 18, United States Code, Section 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the

minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

25.     The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under Title 18, United States Code, Section 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

26.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The defendant agrees to make complete financial disclosure to the government by truthfully executing a sworn financial statement by the deadline set by the government or if no deadline is set, no later than two weeks prior to the date of sentencing.  The defendant agrees to authorize the release of all financial information requested by the government, including, but not limited to, executing authorization forms for the government to obtain tax information, bank account records, credit history, and social security information.  The defendant agrees to discuss or answer any questions by the government relating to the defendant's complete financial disclosure.  The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S.

-10-

Attorney's Office.  The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court.  In addition, the defendant promises that the defendant will make no such transfers in the future.

27.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

28.     Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt.  This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code.   The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

-11-

29.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the government to enforce the judgment.   Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

30.     The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section 3664(n), if the defendant is ordered to pay restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

31.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

32.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance

bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

33.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VIII.     APPEAL RIGHTS

34.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of 168-210 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

35.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

36.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of 168-210 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life,

-13-

notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.   FORFEITURE PROVISIONS

37.    The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following cellular phones which were seized by law enforcement officials based upon the execution of a search warrant:

      a.    One (1) Samsung model SM-G975U bearing IMEI: 357959102092885; and

      b.    One (1) Samsung Galaxy S9+ model SM-G965U bearing IMEI: 353321091903099.

38.    Since the cellular phones were instrumentalities of the crime, the defendant specifically agrees to the forfeiture of the cellular phones to the government pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). In addition, the defendant agrees to forfeit all cellular phones pursuant to Title 18, United State Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the Preliminary Order of Forfeiture, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

39.    The defendant understands that the government and any law enforcement agency acting on behalf of the government may, in its discretion, destroy any or all of the property referred to in this agreement.

-14-

40.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

41.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to,

any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

42.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.  The defendant further agrees to the destruction of the above referenced property.

43.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the cellular phone survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

44.     The defendant agrees that for any reason, in any pleadings before the Court and order issued by the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case.  Additionally, to the extent necessary and at the discretion of

the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited.   Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## X.   TOTAL AGREEMENT AND AFFIRMATIONS

45.   This plea agreement represents the total agreement between the defendant, MICHAEL FRATINI, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____

AARON J. MANGO
Assistant U.S. Attorney

Dated:  November ____, 2023

I have read this agreement, which consists of pages 1 through 18. I have had a full opportunity to discuss this agreement with my attorney, Michael J. Stachowski, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I

understand all of the consequences of my plea of guilty. I fully agree with the contents of this

agreement. I am signing this agreement voluntarily and of my own free will.


_____            _____
MICHAEL FRATINI                             MICHAEL J. STACHOWSKI, ESQ.
Defendant                                   Attorney for Defendant

Dated:  November  8 , 2023                  Dated:  November  8 , 2023